UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW J. BARRY, <br><br> Plaintiff, <br><br> v. <br><br> STATE COLLECTION SERVICE, INC., <br><br> Defendant. | Case No.1:22-cv-01049 |

## CLASS ACTION COMPLAINT

**NOW COMES** MATTHEW J. BARRY ("Plaintiff"), individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of STATE COLLECTION SERVICE, INC., as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

6. MATTHEW J. BARRY ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal district.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. STATE COLLECTION SERVICE, INC. ("Defendant") is a corporation organized and existing under the laws of Wisconsin.

10. Defendant maintains its principal place of business in Madison, Wisconsin.

11. Defendant is a debt collection agency that collects debts owed to third parties.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

13. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0547.

15. At all times relevant, Plaintiff's number ending in 0547 was assigned to a cellular telephone service.

16. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

17. In 2021, Plaintiff incurred a medical debt arising from medical services rendered by Advocate Aurora Health ("subject debt").

18. At some point in time, the subject debt was placed with Defendant for collection.

19. In early February 2022, Defendant started placing collection calls utilizing a prerecorded voice ("robocalls") to Plaintiff's cellular phone in an effort to collect the subject debt.

20. On February 15, 2022, Plaintiff answered one of Defendant's robocalls.

21. Upon answering Defendant's robocall, Plaintiff was greeted with a prerecorded message prompting Plaintiff to press a designated number to speak to a live representative.

22. Frustrated with the robocalls, Plaintiff pressed the designated number to speak to a live representative.

23. Upon being transferred to a live representative, Plaintiff requested that Defendant cease its intrusive robocalls.

24. Plaintiff's request that the robocalls cease fell on deaf ears and Defendant continued placing robocalls to Plaintiff's cellular phone.

25. From February 15, 2022 through the present, Defendant placed no less than five (5) robocalls to Plaintiff's cellular phone *after* Plaintiff requested that the collection calls cease.

26. At no point in time did Plaintiff provide his cellular phone number to Defendant or otherwise consent to Defendant's phone calls.

## DAMAGES

27. Defendant's robocalls calls have invaded Plaintiff's privacy and have caused Plaintiff concrete harm, including: aggravation that accompanies unwanted robocalls, increased

risk of personal injury resulting from the distraction caused by the unwanted robocalls, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

28. Moreover, each time Defendant placed a robocall to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

29. Due to Defendant's refusal to honor Plaintiff's request that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLASS ALLEGATIONS

30. All Paragraphs of this Complaint are incorporated herein as though fully set forth herein.

31. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the individual's consent; (5) within the four years preceding the date of this complaint through the date of class certification.

32. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such

excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.     Numerosity**

33.     Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

34.     The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

35.     The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

36.     The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.     Commonality and Predominance**

37.     There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

38.     Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

39.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.     Superiority and Manageability**

40.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

41. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

42. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

43. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

44. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

45. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

46. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

**COUNT I:**
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**
**(On behalf of Plaintiff and the Members of the Putative Class)**

47. All Paragraphs of this Complaint are incorporated herein as though fully set forth herein.

48. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than five (5) non-emergency calls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent.

49. As pled above, Defendant utilized an artificial or prerecorded voice which automatically played upon Plaintiff answering the call.

6

50. As set forth above, Plaintiff never provided his cellular phone number to Defendant or otherwise consented to receiving calls from Defendant.

51. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

52. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

53. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, requests the following relief:

a. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b. a judgment in Plaintiff's favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

c. an order enjoining Defendant from placing further violating calls to consumers;

d. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

e. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

f. any further relief this Court deems just and proper.

## COUNT II:
**Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692** *et seq.***)**
**(Plaintiff individually)**

54. All Paragraphs of this Complaint are incorporated herein as though fully set forth herein.

### a. Violations of FDCPA § 1692c

55. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

56. As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone.

57. Despite having actual knowledge that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing collection calls, which were clearly inconvenient to Plaintiff.

58. Specifically, since Plaintiff did not want *any* calls from Defendant, *any* call placed after Plaintiff requested that the calls cease was known by Defendant to be at an inconvenient time for Plaintiff.

59. Defendant violated § 1692c(a)(1) by placing at least five (5) robocalls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

### b. Violations of FDCPA § 1692d

60. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

61. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

62. Defendant violated §§ 1692d and d(5) by placing harassing robocalls to Plaintiff's cellular phone number in an attempt to collect the subject debt after Plaintiff requested that the calls cease.

63. Defendant's conduct in systematically placing unwanted robocalls to Plaintiff's cellular phone number is inherently harassing and/or abusive.

64. Defendant's robocalls to Plaintiff were made with the specific intent of annoying, harassing, and/or abusing Plaintiff as Plaintiff explicitly requested that Defendant cease its collection calls.

65. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff requested that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

a. A judgment in Plaintiff's favor for Defendant's violations of the FDCPA;

b. An award of statutory damages in the amount of $1,000;

c. An award of compensatory damages;

d. An award of reasonable attorney's fees and costs;

e. Any further relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: February 28, 2022  Respectfully Submitted,

**MATTHEW J. BARRY**

By: /s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
Lombard, IL 60148
Phone (630) 575-8180
Fax: (630) 575- 8188
mbadwan@sulaimanlaw.com